UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL L. THOMAS,

        Plaintiff,

-vs-                                            Case No. 8:07cv-235-T-24TBM

STATE OF FLORIDA,
CIRCUIT JUDGE JACK SPRINGSTEAD,
CIRCUIT JUDGE RICHARD TOMBRICK,
ASSISTANT STATE ATTORNEY NICOLE
KLAPKA,
ASSISTANT STATE ATTORNEY WILLIAM
CATTO,
FLORIDA ATTORNEY GENERAL, in their
official and individual capacities,

        Defendants.
_____

## O R D E R

This cause is before the Court on Plaintiff's motion to disqualify United States District Judge Susan Bucklew. (Doc. No. 5).

### BACKGROUND

On February 6, 2007, pro se Plaintiff filed a vague, rambling complaint against the above-named defendants alleging that they conspired to violate his civil rights when he was arrested and prosecuted on a "driving with a suspended license charge." Plaintiff sought declaratory and injunctive relief and monetary damages . A review of the Hernando County Circuit Criminal website revealed that Plaintiff had been arrested and charged for a number of offenses.

On February 20, 2007, this Court dismissed Plaintiff's complaint, on the merits, citing applicable law. Now Plaintiff has filed the present motion to disqualify the United States District Judge who signed the order dismissing his complaint.

Motions for recusal or disqualification are governed by two separate statutes, namely sections 144 and 455 of Title 28, United States Code. Plaintiff has failed to meet the standard of either statute.

Section 144 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455(a) provides that "[a]ny justice, judge or magistrate of the United States shall disqualify herself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) also requires disqualification in a variety of unique circumstances, none of which applies to this case or has been asserted by Plaintiff in any specific or intelligible way.

In Parrish v. Board of Commissioners, 524 F.2d 98, 100 (5th Cir. 1975) (en banc), cert. denied, 425 U.S. 944 (1976) (quoting United States v. Thompson, 483 F.2d 527, 528 (3rd Cir. 1973), cert. denied, 415 U.S. 911 (1974)), this Circuit applied a tripartite test in determining the legal sufficiency of an affidavit in support of a motion for recusal:

      1. The facts must be material and stated with particularity;

      2. The facts must be such that, if true, they would convince a reasonable man that bias exists;

      3. The facts must show the bias is personal, as opposed to judicial in nature.

A judge should not recuse herself based upon unsupported, irrational, or tenuous allegations. Giles v. Garwood, 853 F.2d 876, 878 (11th Cir. 1988), cert. denied, 499 U.S. 1030 (1989). A judge should disqualify herself only if a reasonable person would question his impartiality. Id. "The bias must arise from an extrajudicial source, except in the rare case 'where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'" Id. (quoting Davis v. Board of School Commissioners, 517 F.2d 1044, 1052 (5th Cir. 1975), cert. denied, 425 U.S. 944 (1976)). See also, United States v. Singletary, 196 Fed Appx. 819 (11th Cir. 2006); Brown v. Brock, 169 Fed. Appx. 579 (11th Cir. 2006); Glassroth v. Moore, 229 F. Supp.2d 1283 (M.D. Ala. 2002). Plaintiff Thomas has not filed an affidavit in support of his motion for recusal. Furthermore, his motion is based on unsupported, irrational, and tenuous allegations.

Accordingly, the Court orders:

That Plaintiff's motion to disqualify United States District Judge Susan Bucklew (Doc. No. 5) is denied.

ORDERED at Tampa, Florida, on March 15, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Derrel L. Thomas